IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

JENNIFER CASE, et al., ) 
 ) 
 Plaintiffs, ) 
 ) 
v. ) CASE NO. 2:20-CV-777-WKW 
 ) [WO] 
KAY IVEY, in her individual capacity ) 
and official capacity as Governor ) 
of Alabama, et al., ) 
 ) 
 Defendants. ) 

 MEMORANDUM OPINION and ORDER 

On September 24, 2020, Jennifer Case, Rebecca Callahan, Pastor Mark 
Liddle, Pastor Jim Nelson, Dr. R. S. Porter, Scott Farr, and Bruce Ervin (collectively 
“Plaintiffs”) filed suit in the Northern District of Alabama1 against the Governor of 
Alabama, Kay Ivey, and the State’s Health Officer, Dr. Scott Harris (collectively 
“Defendants”). In their complaint, Plaintiffs allege that certain proclamations and 
orders issued by Defendants to help combat the spread of COVID-19 violate their 
rights under both the United States Constitution and Alabama Constitution. (Doc. 
#1.) Specifically, Plaintiffs challenge Defendants’ actions under the First 

1 On September 29, 2020, this action was transferred to the Middle District of Alabama. 
(Doc. #14.) 
Amendment, Fifth Amendment, and Fourteenth Amendment of the United States 
Constitution, as well as under Article III, § 42 of the Alabama Constitution. 

Now before the court is Plaintiffs’ Motion for Temporary Restraining Order, 
filed on September 24, 2020. (Doc. # 2.) Plaintiffs ask the court to enjoin 
Defendants “from enforcing the orders, proclamations, directives, mandates, 

regulations, etc [sic] with regard to wearing of masks, unconstitutional regulation of 
houses of worship, discriminatory closing of businesses, social distancing, assembly, 
and stay at home orders.” (Doc. # 1, at 28.) Defendants filed an opposition to the 
motion on September 27, 2020. (Doc. # 10.) Upon careful consideration of the 

record, Plaintiffs’ Motion for Temporary Restraining Order is due to be denied. 
“A temporary restraining order protects against irreparable harm and 
preserves the status quo until a meaningful decision on the merits can be made.” 

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1297 (11th Cir. 2005). Where 
notice is given, as it was here, a temporary restraining order requires the same four 
elements as a preliminary injunction. These four elements are “(1) a substantial 
likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) 

the injury outweighs whatever damage an injunction may cause the opposing party; 
and (4) an injunction is not adverse to the public interest.” Citizens for Police 
Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009). 

 2 
The movant bears the burden of establishing entitlement to a temporary restraining 
order. See Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th 

Cir. 2001). 
Importantly, “[a temporary restraining order] requires showing imminent 
irreparable harm.” Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1248 (11th 

Cir. 2016) (citations and internal quotations omitted) (emphasis added). This 
imminency requirement is “premised on the need for speedy and urgent action to 
protect a plaintiff’s rights before a case can be resolved on its merits. Id. (citations 
omitted). Further, “[a] delay in seeking a [temporary restraining order] of even only 

a few months—though not necessarily fatal—militates against a finding of 
irreparable harm.” Id. 
In the instant case, Plaintiffs’ inexplicable delay in seeking a temporary 

restraining order against Defendants prevents them from establishing irreparable 
harm, thus scuttling their motion. Notably, prior to the filing of their motion on 
September 24, 2020, Plaintiffs had multiple opportunities to seek a temporary 
restraining order against Defendants. Instead, they chose not to act. 

For example, Plaintiffs could have filed their motion on any one of the 
following dates: March 19, 2020, when Defendant Harris issued an order 
prohibiting non-work-related gatherings of twenty-five persons or more (Doc. # 1-

 3 
1, at 10); March 28, 2020, when Defendant Harris issued an order prohibiting non-
work-related gatherings of ten persons or more (Doc. # 1-1, at 18); April 3, 2020, 

when Defendant Harris issued an order specifying limited carve outs from previous 
prohibitions on gatherings for religious services and for essential businesses (Doc. # 
1-2, at 2-6); or July 15, 2020, when Defendant Ivey issued a proclamation requiring 

the wearing of masks in certain designated areas (Doc. # 1-4, at 1). 
So, at least, Plaintiffs delayed more than two months in filing their motion; at 
most, they delayed more than five months. Either way, Plaintiffs waited an 
impermissible amount of time to seek the “extraordinary and drastic remedy” of a 

temporary retraining order. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). 
Thus, Plaintiffs’ “failure to act with speed or urgency in moving for [a temporary 
restraining order] necessarily undermines a finding of irreparable harm.” Wreath, 

LLC, 840 F.3d at 1248; see also Thompson v. Alabama, No. 2-16-cv-783-WKW, 
2017 WL 3223915, at *11 (M.D. Ala. July 28, 2017) (finding that the plaintiffs’ two-
and-a-half month delay in filing their preliminary injunction cut against the urgency 
of the relief sought); Grames v. Sarasota Cty. Florida, No. 20-cv-739-CEH, 2020 

WL 1529539, at *4 (M.D. Fla. Mar. 31, 2020) (noting “this Court has previously 
determined that a plaintiff cannot establish the threat of irreparable injury sufficient 

 4 
to warrant entry of an ex parte temporary restraining order where the emergency 
nature of the motion is caused by the plaintiff’s own delay”). 

Accordingly, for the reasons discussed above, it is ORDERED that Plaintiffs’ 
Motion for Temporary Restraining Order (Doc. # 2) is DENIED. 
DONE this 6th day of October, 2020. 

 /s/ W. Keith Watkins 
 UNITED STATES DISTRICT JUDGE 

 5